**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| MARCUS WEAVER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:17-cv-01095 SRC |
| ) | |
| TROY STEELE, ) | |
| ) | |
| Respondent(s). ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Petitioner Marcus Weaver's Petition under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* by a Person in State Custody [1].

**I.   BACKGROUND**

In 2013, a jury in the Circuit Court of St. Louis City convicted Weaver of three counts of statutory sodomy in the first degree, four counts of statutory sodomy in the second degree, one count of felony child molestation in the first degree, four counts of felony of incest, and two counts of misdemeanor child molestation in the second degree.[1]  The circuit court sentenced Weaver to a total of 75 years of imprisonment comprised of: three consecutive terms of 20 years for the four counts of statutory sodomy in the first degree, a consecutive term of 15 years for the one count of felony child molestation in the first degree, concurrent terms of seven years for the four counts of statutory sodomy in the second degree, concurrent terms of four years for the four counts of incest, and concurrent terms of one year for the two counts of misdemeanor child molestation in the second degree.  Weaver appealed his convictions and sentences to the Missouri Court of Appeals.  The appellate court affirmed.  Weaver filed a motion for

---

[1] The underlying criminal case is State of Missouri v. Marcus Weaver, Case No. 1122-CR01527-01.

postconviction relief pursuant to Missouri Supreme Court Rule 29.15 in the Circuit Court of St. Louis City. The circuit court denied Weaver's motion. He appealed this denial to the Missouri Court of Appeals, which affirmed the circuit court's denial of Weaver's motion. Weaver now seeks relief pursuant to 28 U.S.C. § 2254 in federal court.

## II. STANDARD

"A state prisoner who believes that he is incarcerated in violation of the Constitution or laws of the United States may file a petition for writ of habeas corpus in federal court pursuant to 28 U.S.C. § 2254." *Osborne v. Purkett*, 411 F.3d 911, 914 (8th Cir. 2005). In order for a federal court to grant an application for a writ of habeas corpus brought by a person in custody by order of a state court, the petitioner must show that the state court decision:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). A district court presumes a determination of a factual issue made by a state court is correct unless the petitioner successfully rebuts the presumption of correctness by clear and convincing evidence. *Id.* at § 2254(e)(1).

A state court's decision is "contrary to" clearly-established Supreme Court precedent "if the state court either 'applies a rule that contradicts the governing law set forth in [Supreme Court] cases' or 'confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a result different from [the] precedent.'" *Penry v. Johnson*, 532 U.S. 782, 792 (2001) (citing *Williams v. Taylor*, 529 U.S. 362, 405–406 (2000)). An unreasonable application of clearly-established Supreme Court precedent is found where the state court identifies the correct governing legal principle but unreasonably applies that principle to the facts of the case. *Ryan v. Clark*, 387 F.3d 785, 790 (8th Cir. 2004). Finally, a state court decision may

be considered an unreasonable determination of the facts "only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Id*.

### III. DISCUSSION

Weaver asserts four grounds in his Petition. First, he argues he received ineffective assistance of counsel when his trial counsel failed to negotiate a plea deal for a 25-year sentence. Second, he claims the postconviction relief ("PCR") motion court clearly erred in denying his PCR motion without issuing findings of fact and conclusions of law for all claims raised. Third, he contends he received ineffective assistance of counsel because his trial counsel allegedly assured him if he proceeded to trial, the trial court would not sentence him to more than 12 years imprisonment. Finally, he argues he received ineffective assistance of counsel when his trial counsel decided to argue at trial that no sexual behavior occurred between him and the victim despite the fact that Weaver previously admitted in a recording that oral sex had occurred.

#### A. Ground One

In his first ground for relief, Weaver argues he received ineffective assistance of counsel when his trial counsel failed to negotiate a plea deal for a 25-year sentence. Weaver raised this claim in his Amended PCR motion and in his appeal of his PCR motion. Docs. 13-4, pg. 9; 16-4, pg. 34.

The Missouri Court of Appeals held as follows:

> A defendant has the right to effective assistance of counsel during plea negotiations, as it is a "critical stage" of the criminal proceeding. In order to show his trial counsel was ineffective, [Weaver] had to allege unrefuted facts showing his counsel's performance fell below the standard of skill, care, and diligence of a reasonably competent attorney; and that [Weaver] was prejudiced in that but for counsel's errors, the outcome would have been different. In the context of plea negotiations, to show prejudice, [Weaver] must allege unrefuted facts "demonstrat[ing] a reasonable probability [he] would have accepted the earlier plea offer had [he] been afforded effective assistance of counsel.
>
> . . .

> Here, a review of the record indicates that [Weaver] failed to allege facts showing that trial counsel's performance fell below an objective standard of reasonableness as there is no affirmative obligation to attempt to negotiate a particular plea agreement that the State has not agreed to. In addition, [Weaver] failed to allege facts showing that counsel was aware of [Weaver's] alleged willingness to plead guilty to all of the offenses in exchange for a total sentence of twenty-five years. Finally, [Weaver's] claim that he would have pleaded guilty to all of the offenses was refuted by the record; to the contrary, the record indicates that, in light of the facts and circumstances of this case, there is no reasonable probability the trial court would have accepted a plea agreement for a twenty-five year sentence. Point I is denied.

Doc. 13-6, pgs. 4, 6-7 (internal citations omitted).

The decision of the state appellate court is entitled to deference. 28 U.S.C. § 2254(d). The appellate court reasonably applied *Strickland v. Washington*, 466 U.S. 668, 687 (1984) in concluding Weaver did not receive ineffective assistance of counsel when his counsel did not negotiate a twenty-five-year plea deal. As the appellate court stated, "The Supreme Court has addressed two specific narrow instances of attorney error in the context of plea bargaining: (1) failing to communication an existing offer to the defendant; and (2) providing bad advice about an existing offer." Doc. 13-6, pg. 6, n. 1. The appellate court refers to *Missouri v. Frye*, 566 U.S. 134 (2012) and *Lafler v. Cooper*, 566 U.S. 156 (2012). Weaver's allegations do not fall into either category. Additionally, Weaver cannot establish he was prejudiced by the failure to negotiate a twenty-five-year plea deal because he has not shown the trial court would have accepted the plea deal and sentenced him to twenty-five years. The appellate court's decision is not contrary to, nor does it involve, an unreasonable application of federal law. The Court denies Weaver's Petition on this ground.

### B. Ground Two

In his second ground for relief, Weaver argues the PCR motion court clearly erred in denying his PCR motion without issuing findings of fact and conclusions of law for each claim raised. Weaver fails to state a ground for federal *habeas* relief because his claim is not

cognizable under 28 U.S.C. § 2254. "Section 2254 only authorizes federal courts to review the constitutionality of a state criminal conviction, not infirmities in a state post-conviction relief proceeding." *Williams-Bey v. Trickey*, 894 F.2d 314, 317 (8th Cir. 1990). The U.S. Constitution does not require states to provide a means of post-conviction review of state convictions; therefore, an "infirmity in a state post-conviction proceeding does not raise a constitutional issue cognizable in a federal habeas petition." *Id*. The Court denies Weaver's Petition on this ground.

### C. Grounds Three and Four

In his third and fourth grounds for relief, Weaver argues he received ineffective assistance of counsel when his trial counsel assured him if he proceeded to trial, the trial court would not sentence him to more than 12 years imprisonment and when his trial counsel argued at trial that no sexual behavior occurred between him and the victim despite Weaver previously admitting oral sex had occurred. Weaver raised these claims in his *pro se* PCR motion and in his appeal of his PCR motion. Docs. 16-4, pg. 17, 13-4, pg. 11.

The Missouri Court of Appeals held as follows:

> With respect to Points III and IV, [Weaver] alleges that trial counsel "erroneously assured him that if he proceed[ed] to trial, the trial court would sentence [him] to no more than twelve years in prison," and that trial counsel "employed an unreasonable trial strategy of denying that any sexual behavior occurred, despite the fact that [Weaver] had previously admitted in a recording that oral sex had taken place." Essentially, in these two points, [Weaver] argues that trial counsel was ineffective for inducing him to reject the State's twenty-five year plea offer while instead relying on an unreasonable trial strategy to proceed to trial. [Weaver] argues because of trial counsel's ineffective advice, he was prejudiced "into a 75 year sentence" instead of a twenty-five year sentence. We disagree.
>
> As discussed above, there was nothing in the record indicating and [Weaver] failed to allege facts showing that the State had, in fact, made an offer of twenty-five years before trial. Therefore, based on the evidence contained in the record, [Weaver] failed to allege facts warranting relief.
>
> Similarly unpersuasive is [Weaver's] allegation that, in light of the State's incriminating evidence, "[c]ounsel's theory and defense strategy that nothing ever happened and the victim was lying was ineffective and completely unreasonable

> based on all of the facts and evidence in this case." [Weaver] alleged that he "told Counsel that he wanted to testify consistently in accord with his recorded video about one oral sex act and refute the other charges which never occurred, but was told that the judge would not give [him] the 12 years if the judge believed that [he] did have one unlawful act let alone several and if [he] testified truthfully it will blow counsel's 12 year sentence the judge had agreed to give counsel for his client at the end of the trial." [Weaver] further alleged that counsel misled him "to believe he will get a 12 year sentence, so counsel can gain more trial exper[ience] and argue this case only to see if his arguments were effective to see if counsel could win by argument with no evidence of his own to present in his defense."
>
> Both claims were premised on the assumption that trial counsel promised [Weaver] a twelve-year sentence and thereby induced him to reject a twenty-five year plea offer. However, because both claims asserted in Points III and IV were predicated on the existence of a twenty-five year plea offer that trial counsel allegedly induced [Weaver] to reject, [Weaver's] claims failed to allege facts warranting relief. Points III and IV are denied.

Doc. 13-6, pgs. 8-9 (internal citations omitted).

The decisions of the state appellate court are entitled to deference. 28 U.S.C. § 2254(d). The appellate court reasonably applied *Strickland v. Washington*, 466 U.S. 668, 687 (1984) in concluding Weaver failed to establish he received ineffective assistance of counsel because he failed to allege facts warranting relief. The record contains no facts supporting Weaver's argument that his counsel told him he would get a 12-year sentence if he went to trial. The appellate court's decision is not contrary to, nor does it involve, an unreasonable application of federal law. It also does not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. The Court denies Weaver's Petition on these grounds.

## IV. CERTIFICATE OF APPEALABILITY

The Court finds Weaver has not made a substantial showing of the denial of a constitutional right, as is required before a certificate of appealability can issue. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (explaining that a "substantial showing" is a showing the "issues are debatable among reasonable jurists, a court could resolve the issues differently, or

the issues deserve further proceedings"). Therefore, the Court shall not issue a certificate of appealability as to any claims raised in Weaver's § 2254 Motion.

Accordingly,

**IT IS HEREBY ORDERED** that the Court **DENIES** Petitioner Marcus Weaver's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [1].

**IT IS FURTHER ORDERED** that the Court **DISMISSES** Weaver's Petition **with prejudice**. No certificate of appealability will issue.

So Ordered this 28th day of October, 2019.

*/s/ SLR.CR*

**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**